IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RENATO C. JIMENEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:12cv342-TMH |
| | ) | (WO) |
| JOHNNIE CARR, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by federal prisoner Renato C. Jimenez ("Jimenez"). (Doc. No. 1.)[1] Jimenez contends that prison officials unfairly punished him for rules infractions he committed while incarcerated at the Federal Prison Camp in Montgomery, Alabama ("Montgomery FPC"). After reviewing the record and the relevant case law, the court concludes that Jimenez's petition should be dismissed.

**I.   BACKGROUND**

Jimenez was sentenced to 120 months' imprisonment for possession of cocaine with intent to distribute and conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) & 846. (Resp. Attach. 1.)  In January 2011, while he was incarcerated at FPC Montgomery, a disciplinary action was initiated against Jimenez for violating the conditions of furlough

---

[1] References to document numbers are to those assigned by the Clerk in the instant civil action. Page references to pleadings are to those assigned by CM/ECF. References to attachments are to those filed by the respondent and are denoted as "Resp. Attach."

and falsifying a statement. (Resp. Attach. 2.) A Unit Discipline Committee ("UDC") hearing was conducted, after which the disciplinary committee found Jimenez guilty of the charged infractions. (*Id*.) The sanctions imposed upon Jimenez were loss of commissary privileges, telephone privileges, e-mail privileges, and visiting privileges for 120 days. (*Id*.) Jimenez did not lose any good-time credit as a result of the disciplinary finding.

## II.  DISCUSSION

Jimenez claims that the disciplinary committee's findings following the UDC hearing were incorrect and that he was unfairly punished for rules infractions he did not commit. (*See* Doc. No. 1.) Jimenez's claim is not cognizable in a federal habeas action.

The central purpose of the writ of habeas corpus, whether under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, is to provide a remedy to prisoners who are challenging the "fact or duration" of their physical confinement and are seeking immediate release or an earlier release. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he common-law history of the writ, ... the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Id*. The only relief that can be gained in a habeas action is an immediate or speedier release from custody. *Id*. Here, Jimenez is not challenging the fact or duration of his confinement, nor is he attacking the sentence of a federal court pursuant to which he is in custody. *See* 28 U.S.C. § 2255(a). And he did not lose any good-time credit as a result of the guilty disciplinary finding. Therefore, Jimenez's allegations are not consistent with

a petition for a writ of habeas corpus. *See Muhammed v. Close*, 540 U.S. 749 (2004) (the favorable-termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994) does not apply categorically to all suits challenging disciplinary actions).

Although Jimenez's allegations might typically be presented in a *Bivens* action,[2] this court declines to construe his petition as a civil rights complaint through which he could challenge the conditions of his confinement in connection with the disciplinary case. Jimenez has already sought and obtained a waiver of the $5.00 filing fee required in a habeas corpus proceeding, and the required filing fee for a civil rights case is $350.00. Moreover, the passage of time has rendered moot the sanctions meted out to Jimenez in the disciplinary action. Finally, any attempt by Jimenez to proceed, or refile his suit as a *Bivens* action would be frivolous. Jimenez's loss of privileges for 120 days did not implicate the protections of the Due Process Clause.

In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest[3] that

---

[2] *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980).

[3] When a constitutionally protected liberty interest is implicated, the inmate is entitled to: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564–66 (1974). The factfinder's decision need only be supported by "some evidence."
(continued...)

implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483-84. The Court in *Sandin* specifically rejected the contention that any action taken by correctional officials as a punitive measure necessarily encroaches upon a liberty interest protected under the Due Process Clause. *Id*. at 484. "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id*. at 485. Placement in a more restrictive dorm, the loss of privileges and referral for classification review "though concededly punitive, do[ ] not represent a dramatic departure from the basic conditions" of the sentence imposed upon the petitioner. *Id*.

Jimenez's loss of privileges for 120 days is neither "atypical" nor a "significant hardship" under the *Sandin* analysis. The restriction of privileges is not a dramatic departure from the ordinary conditions of confinement, nor is it a major disruption in a prisoner's environment. *Sandin*, 515 U.S. at 485. *See also Overton v. Bazzetta*, 539 U.S. 126, 136–37 (2003) (providing that temporary withdrawal of visitation privileges for disciplinary purposes was "not a dramatic departure from accepted standards for conditions of confinement"); *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (Due

---

[3](...continued)
*Superintendent, Mass. Correctional Inst. v. Hill*, 474 U S. 445, 455–56 (1985).

Process Clause does not guarantee an inmate the right to unfettered visitation); *Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997) (prisoner did not suffer a liberty loss when he received as disciplinary punishment a verbal reprimand, two-week loss of commissary privileges, and a suspended, 15-day disciplinary segregation sentence); *Walker v. Loman*, 2006 WL 3327663, *2 (M.D. Ala. 2006) (Constitution does not grant an inmate a right in visitation, store, and telephone privileges). Therefore, Jimenez did not suffer a deprivation of a liberty interest when his privileges were restricted.

In light of the foregoing, it is clear that the sanctions levied against Jimenez failed to "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*. 515 U.S. at 484. Jimenez's loss of privileges for 120 days was not sufficient to trigger constitutional due process protection. Thus, Jimenez's claim does not rise to the level of a constitutional violation as a matter of law.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED, because Jimenez has failed to demonstrate that the disciplinary action resulting in his loss of privileges for 120 days gives rise to any claim for federal habeas relief or states any claim for a denial of his constitutional right to due process.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before April 22, 2014. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE, this 8th day of April, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE